[12917. In Bank. — October 3, 1889.]

J. M. MARTIN, APPELLANT, *v.* JOHN L. HUDSON, RESPONDENT.

VENDOR AND VENDEE — WITHDRAWAL OF OFFER TO SELL — EVIDENCE — FINDING. — A finding that an offer by the defendant to sell certain land to the plaintiff had been withdrawn before its acceptance by the latter, *held,* supported by the evidence.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Church & Cory,* for Appellant.

*Wharton & Short,* and *D. S. Terry,* for Respondent.

BELCHER, C. C.—This action was brought to enforce the specific performance of an alleged contract to sell and convey certain real property. The court below gave judgment for the defendant, and the plaintiff appeals.

The record shows that on the ninth day of September, 1887, the defendant executed and delivered to plaintiff a paper by which he agreed to sell and convey the property in question for the sum of five thousand dollars, one half payable on delivery of deed, and the balance one year

thereafter, with interest at the rate of eight per cent per annum, the "contract" to be "valid till November 1, 1887, and thereafter till revoked in writing."

The court found that the paper was executed as above stated; that no consideration whatever ever passed from the plaintiff to the defendant therefor, and that it was a mere proposal or offer to sell. It then further found, "that thereafter, and on or about the fifteenth day of September, 1887, and before the plaintiff had in any way accepted said offer, or agreed to accept the same, the defendant went to the plaintiff and requested the return of said offer, and asked to be released therefrom, and verbally withdrew the same."

It is claimed by counsel for appellant that this finding was not justified by the evidence, but in effect admitted that if it was justified, the judgment should be affirmed.

Counsel say in their reply brief: "There is no question, and no contention to the contrary has been made, that a proposal to sell land made without consideration may be withdrawn before acceptance. Had the offer made by defendant to plaintiff to sell him the land been withdrawn before acceptance, that would have been an end of the matter, and plaintiff have had no standing in court. Here then is the question, and the only question, to be considered in this case: Was said offer accepted before rescission or the attempted rescission?"

We think there was evidence tending to support the finding. The plaintiff was a witness, and on cross-examination testified: "Agreement with Hudson was made September 9th at my office in Fresno; next saw Mr. Hudson four or five days thereafter; came and asked me to release him." Defendant was also a witness, and testified that after the paper was made he next saw the plaintiff at his office on the 15th of September, and said: "Mr. Martin, I would like you to give up that contract."

No point is or could be made that a verbal withdrawal by respondent of his offer to sell, if made before accept-

ance, was not sufficient, but the contention of appellant is, that there was no verbal or other withdrawal or attempted withdrawal by him until the seventeenth day of September, when he served a written notice of rescission, and that prior to that time appellant had verbally and unqualifiedly accepted the offer. But in view of the testimony above quoted, we think this contention cannot be sustained.

As we cannot say that the finding was not justified by the evidence, it follows, in our opinion, that the judgment and order appealed from should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Rehearing denied.